STATE, RESPONDENT, *v.* WILSON, APPELLANT.

(Nos. 4,893 and 4,952.)

(Submitted November 5, 1921. Decided December 24, 1921.)

[203 Pac. 351.]

*Criminal Law—Assault—Defenses—Erroneous Exclusion of Evidence—Denial of Fair Trial.*

1. In a prosecution for assault in which the accused sought to defend on the grounds that he was in the act of arresting the prosecuting witness and turning him over to the sheriff under a charge of stealing his colt, and that in doing so he used no more force than was necessary, and also that he acted in self-defense, *held* that the trial court erred in excluding evidence presenting such facts, and that defendant was thereby denied a fair trial.

*Appeals from District Court, McCone County; C. C. Hurley, Judge.*

M. Bruce Wilson was convicted of second degree assault and appeals from the judgment and an order denying him a new trial. Reversed and remanded.

*Mrs. Florence W. Stephens* and *Mr. Henry C. Smith,* of Counsel, submitted a brief in behalf of Appellant; *Mr. Smith* argued the cause orally.

The court erred in excluding evidence that the defendant was attempting to arrest Calder when the alleged assault took place and that he did arrest him. The laws of Montana give a private person the right to make an arrest under certain circumstances. (Rev. Codes, secs. 9055, 9058.) A private person may make an arrest when the person arrested has committed a felony. (2 R. C. L., pars. 5, 6.) Defendant had reasonable cause to believe Calder to be guilty of a felony, as the fact of his being in possession of his colt, coupled with the prosecuting witness' unsavory reputation, was sufficient "to warrant a cautious man in believing" him to be guilty. Evidence of the arrest was therefore material to a fair decision of the merits of the case as was the fact that Calder resisted the arrest by attempting to draw a sawed-off shotgun on the accused.

In the case of *Brooks and Orme* v. *Commonwealth,* 61 Pa. St. 352, 100 Am. Dec. 645, the court has gone very fully into the rights of a private citizen to arrest one who has committed a felony and has gone so far as to hold that where the escaping felon killed his pursuer when attacked by him, the crime was murder and not manslaughter.

It is a necessary element to a right to arrest that the person making the arrest notify the party whom he is attempting to arrest at the earliest possible moment, although in some instances it has been held to be unnecessary. "A private person, in making an arrest, must always give notice of his intention, unless the demand of the person being arrested as to the authority to make the arrest is a mere pretense and he knows

or ought to know why the arrest is being made, and the authority of the person making it." (2 R. C. L., par. 22.)

*Mr. Wellington D. Rankin, Mr. Gael G. Wilson* and *Mr. L. A. Foot,* Assistant Attorneys General, for Respondent, submitted a brief; *Mr. Foot* argued the cause orally.

An examination of the record shows that the purpose of nearly every one of the questions ruled out by the court was to show one of two things, either that appellant was engaged in arresting the complaining witness or that the complaining witness was stealing a colt belonging to the appellant. Evidence on either of these matters was incompetent and immaterial. The appellant was charged with assault in the second degree. There was no evidence that the complaining witness attacked appellant or offered any resistance to the attempted arrest, except to pick up his shotgun after appellant started to beat him, and that was at once taken from him, and the further beating and tying by the neck to a mule took place after he was completely in the control and power of appellant. The complaining witness does not deny that appellant seized him and turned him over to legal authorities on a charge of grand larceny. That question was not at issue. The only question here was, Did the appellant assault the complaining witness Calder in such a manner as to constitute second degree assault?

Under subdivision 2 of section 8316, Revised Codes of 1907, the use of force or violence toward the person of another is not unlawful when necessary in arresting one who has committed a felony and delivering him to a public officer competent to receive him. This case does not come under this section. The testimony of appellant himself shows that Calder made no resistance after the shotgun was taken from him, nor was there any attempt to flee. (*State* v. *Prlja,* 57 Mont. 461, 189 Pac. 64; 5 C. J. 752, sec. 244d.)

In the case of *State* v. *Stalcup,* 24 N. C. 50, it was held that while tying a prisoner was not necessarily a use of excessive

force, for an officer to do so because of his malice toward the prisoner was sufficient to justify an indictment of the officer for assault.

Appellant cannot consistently claim self-defense, as the evidence throughout shows that he was the aggressor at every stage of the game. The only question here was whether appellant had mistreated Calder unnecessarily in making the arrest, and all evidence to the effect that he was attempting an arrest, or as to the ownership of the colt, or that Calder attacked him first, were immaterial in this case and properly excluded.

MR. JUSTICE REYNOLDS delivered the opinion of the court.

Defendant was convicted of second degree assault, and judgment followed. Motion for new trial was made and overruled. Appeal has been taken from the judgment and order overruling the motion.

Appellant's brief contains fifty-four assignments of error; but, for convenience in the disposition of the case, we will not attempt to consider these assignments specially, but will dispose of the case by reference generally to the matters of which complaint is made.

From the evidence in the case it appears that the defendant, [1] in company with two others, met one Arthur Calder upon a certain highway in McCone county, at which place the alleged assault occurred. Calder, in company with his wife, was in a wagon drawn by team and had with him a colt, the ownership of which was in dispute. Calder had in his possession a sawed-off shotgun which was lying on the floor of the wagon beneath the seat on which he sat. He reached for his gun, and at about that time defendant struck him a number of times with a diamond willow stick about two and one-half to three feet long and a little less than two inches in diameter at its butt end. The evidence is in conflict as to whether or not defendant administered the beating before or after Calder reached for the

gun. Defendant and his associates succeeded in wresting the gun from Calder, whereupon Calder and his wife jumped down from the wagon on the side opposite from Wilson. Calder and defendant both moved toward the head of the team, and in front of the team Wilson again pounded Calder with the stick. Thereafter Calder was tied with a rope to the hame of the collar of one of the mules of the team driven by defendant and associates and forced to walk for some distance. Calder claims that defendant struck him after he had been so tied, but this is denied. It is the contention of defendant that the colt belonged to him and that Calder had stolen it from among his other horses, and that he sought Calder for the purpose of arresting him and turning him over to the sheriff. Defendant also contends that in the affair he used no more force than was necessary to subdue Calder and place him under arrest, and also only such force as was necessary for his own self-defense. From our reading of the record, we are satisfied that the defendant was not given a fair opportunity for the presentation of these defenses. He was entitled to present to the jury all the substantial facts occurring at the time of the alleged assault, including the object of meeting Calder, the conversation that took place regarding the colt, and the purpose of defendant and his associates in arresting Calder, with the facts upon which such purpose was founded, together with the circumstances that would have a bearing upon the question of self-defense and the question as to whether or not defendant used more force than was necessary in making the arrest. We do not think that in these respects defendant was given the fair trial to which he was entitled.

For the reasons herein given, the judgment and order overruling motion for new trial are reversed and the cause is remanded for a new trial.

*Reversed and remanded.*

MR. CHIEF JUSTICE BRANTLY and ASSOCIATE JUSTICES COOPER, HOLLOWAY and GALEN concur.